**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 09-21223 CIV MORENO

AURELIUS CAPITAL PARTNERS, LP and
AURELIUS CAPITAL MASTER, LTD.,

          Plaintiffs,

vs.

THE REPUBLIC OF ARGENTINA,

          Defendant,

and

BANK OF AMERICA, N.A.,

          Garnishee.

_____/

## BANK OF AMERICA, N.A.'S MOTION FOR PROTECTIVE ORDER

BANK OF AMERICA, N.A. ("Bank of America"),  a neutral third party to this case,

through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 26(c) and the 26.1

of the Local Rules of this Court, hereby respectfully requests this Court to enter a protective order

as to Plaintiffs AURELIUS CAPITAL PARTNERS, LP and AURELIUS CAPITAL MASTER,

LTD.'s Subpoena for Deposition Duces Tecum of Corporate Representative(s) of Bank of America

with the most knowledge of certain matters ("Subpoena Duces Tecum") which compels the

production of privileged and confidential material from Bank of America.  In support hereof, Bank

of America states:

On or about October 22, 2009, Plaintiffs served Bank of America with the Subpoena

Duces Tecum, a copy of which is attached hereto as Exhibit "A".  The Subpoena Duces Tecum

requested the presence of a Bank of America corporate representative ("Bank of America Records

Custodian") to take a deposition on October 26, 2009 and for Bank of America to produce a number

CASE NO. 09-21223 CIV MORENO

of confidential records related to Banco de la Nacion Argentina (Miami Agency) ("BNA") and a related bank account (the "BNA Account.")[1]

The Subpoena Duces Tecum, also requests that Bank of America produce items which are protected from production pursuant to various privileges, including the trade secret privilege, work product doctrine, and attorney-client privilege.

First and foremost, it is Bank of America's policy to cooperate and timely comply with reasonable document requests and lawful subpoenas. Bank of America has a legal responsibility, however, not to violate a customer's privacy rights, including those of the account holder BNA, by disclosing otherwise private or confidential financial information. Moreover, Bank of America has a basis for maintaining confidential, proprietary trade secret information and procedures from discovery.

Pursuant to FLA. STAT. § 655.059, the books and records of a financial institution are confidential and shall be made available for inspection and examination only, *inter alia*, as compelled by a Court of competent jurisdiction. Accordingly, Bank of America has no choice but to object to the production and/or disclosure of the its records and/or information related to the Defendants, debtor, and/or other non-parties listed in the Subpoena Duces Tecum, without a Court Order entered pursuant to FLA. STAT. § 655.059. Additionally, Bank of America seeks an in camera inspection of certain KYC (Know Your Customer) documents containing proprietary analysis and assessments that constitute protected trade secrets and have no relevance to the issues in this action.

---

[1]Plaintiffs agreed to reschedule the deposition of the Bank of America corporate representative until November 24, 2009.

CASE NO. 09-21223 CIV MORENO

**I.     APPLICABLE LAW GOVERNING MOTIONS FOR PROTECTIVE ORDERS**

Fed. R. Civ. P. 26 provides in relevant part:

"(c) Protective Orders. Upon motion by a party or by the person from who discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue expense..."

Rule 26(c) gives the district court discretionary power to fashion a protective order. *Farnsworth v. Procter & Gamble Co.* 758 F.2d 1545, C.A. 11 (G.A. 1986). While the rule articulates a single standard for ruling on a protective order motion, that of good cause, federal courts have superimposed a somewhat more demanding balancing of interests approach to the rule, under which district court's duty is to balance opposing interests in obtaining information and in keeping that information confidential. *Id.* Plaintiffs cannot satisfy this burden, as their need for the discovered documents does not outweigh Bank of America's much more compelling interest in keeping valuable trade secrets and other proprietary data and processes secure.

**II.    GENERAL GROUNDS FOR PROTECTIVE ORDER**

**A.     The Subpoena Duces Tecum seeks confidential third party information. Further, the Subpoena Duces Tecum requests several items which are protected as trade secret under Florida law. Moreover, much of the requests call for the production of materials that would also be considered privileged under the attorney-client privilege and/or work product doctrine.**

The documentation being sought by Plaintiffs contains confidential financial information of Bank of America's customers.

Bank of America's policy is to cooperate and timely comply with reasonable document requests and lawful subpoenas. Bank of America has a legal responsibility, however, not

to violate the privacy rights of customers, including those of BNA, by disclosing otherwise private or confidential financial information.

Pursuant to FLA. STAT. § 655.059, the books and records of a financial institution are confidential and shall be made available for inspection and examination only, *inter alia*, as compelled by a Court of competent jurisdiction. Accordingly, Bank of America has no choice but to object to the production and/or disclosure of the its records and/or information related to the Defendant, debtor and bank customers listed in the Subpoena Duces Tecum, without a Court Order entered pursuant to FLA. STAT. § 655.059.

Moreover, in order to ensure that Bank of America's customers and/or loan applicants' constitutional privacy and due process rights are protected, the individual(s) and entities listed in the Subpoena Duces Tecum should be provided with adequate notice and an opportunity to object to the production of their confidential information. *See Alterra Healthcare Corporation v. Estate of Shelley*, 827 So. 2d 936, 941-44 (Fla. 2002) (Privacy rights extend to personal information contained in nonpublic employee personnel files and should be considered during the discovery process.)[2]

Further, several of the items sought in the Subpoena Duces Tecum would infringe upon Bank of America Trade Secret information, and should not be produced. Section 90.506 of the Florida evidence code governs trade secret privilege in Florida, and that section provides businesses such as Bank of America are protected in keeping trade secrets secure from encroachment by third parties. Fla. Stat. § 600.002(4), which is part of Florida's Uniform Trade Secrets Act, defines a trade secret as "a formula, pattern, compilation, program, device, method, technique, or

---

[2]BNA, through its counsel, has consented to the production of account opening documents and approximately 16 months worth of account statements for the BNA Account.

process" that derives actual or potential independent economic value "from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" when it is the subject of reasonable efforts under the circumstances to maintain its secrecy. *See Bestechnologies, Inc. v. Trident Environmental System, Inc.*, 681 So.2d 1175, 1176 (Fla 2nd DCA 1996).

For instance Requests 1 and 8 of the Plaintiffs' Subpoena Duces Tecum call for the productions of items that would be categorized as trade secret, as they would compel Bank of America to produce reports, risk assessment data, and "know your customer" records, which are Bank of America trade secrets. Many of the requests, such as Requests 2, 5, 6, and 7 just to name a few, are just so overly broad in scope that they cannot help but to encompass those materials which are proprietary information of a sensitive nature belonging to Bank of America.

As a consumer deposit bank, Bank of America's internal policies and risk assessment data are a vital part of the Bank's operation and profitability. Allowing Plaintiffs unfettered access to this proprietary data for the sake of a fishing expedition would have a seriously adverse impact on Bank of America and injustice would result, while on the other hand, production of these documents would not help Plaintiffs so much as to vitiate the injury to Bank of America. As the Court held in *Farnsworth*, "it is the district court's duty to balance opposing interests in obtaining information and in keeping that information confidential." 758 F.2d at 1547. For those reasons, Plaintiffs should not be allowed access to Bank of America's trade secrets. At a minimum, Bank of America requests an in camera inspection by the Court of these highly confidential proprietary documents.

As mentioned earlier, due to the overly broad requests fashioned by Plaintiffs,

CASE NO. 09-21223 CIV MORENO

many of the requests seek items which would also be subject to the attorney-client privilege and work product doctrine. In Florida, the attorney-client privilege is codified as Fla. Stat. §90.502 (also referred to as "lawyer-client privilege"). The relevant part of the statute states that a communication between lawyer and client is "confidential" if it is not intended to be disclosed to third persons other than; 1) those to whom disclosure is in furtherance of the rendition of legal services to the client; and 2) those reasonably necessary for the transmission of the communication.

The overly broad nature of the Subpoena Duces Tecum calls for the production of communications that would undoubtedly fall under the attorney-client privilege, as many of the requests if followed would most definitely include privileged communications between bank officers and the Bank's in-house and outside counsel, specifically relating to legal issues. For example, Request 10 even calls for Bank of America's production of "all documents and communications relied upon by Bank of America in making the determination that the funds or assets in the Account may be subject to restraint pursuant to the writ of garnishment served upon Bank of America in the Actions, and all documents and communications concerning such determination." It is without a doubt that items such as legal opinions proffered by Bank of America's in-house and outside counsel would be covered by this privilege. Again, Plaintiffs' un-calculated, overly-broad request would have Bank of America produce documents it would have no legal obligation to produce.

For the same reasons, many of the documents requested by Plaintiffs also fall under the purview of the work product doctrine and cannot be produced to Plaintiffs. Both federal courts and Florida Courts recognize the work product doctrine. *Hickman v. Taylor*, 329 U.S. 495 (1947). The Florida Supreme Court held in *Surf Drugs, Inc. v. Vermette*, 236 So.2d 108 (1970), that "work product of litigant, his attorney or agent, cannot be examined by way of discovery, absent rare and exceptional circumstances." *Id.* at 112. [Emphasis Added.]

CASE NO. 09-21223 CIV MORENO

As stated above, most of Plaintiffs' requests are overly broad and would encroach upon materials that are protected under the work product doctrine. The Bank employs a legal department, which under the course of day to day operations prepares several impressions, compilations, and notes in anticipation of litigation. Moreover, any items or communications prepared in responding to the writs of garnishment at issue in this matter, the Subpoena Duces Tecum, or other closely related litigation matters would fall under the purview of the doctrine and Bank of America should not be compelled to produce these offending documents.

**B.      Documentation Being Sought Is Extremely Voluminous and must Be Conditioned upon Payment of Cost Bond.**

Plaintiffs have requested a potentially large number of records and documents, which may or may not be relevant to this proceeding. Additionally, Plaintiffs' requests are not limited in scope or time. The time and costs involved in obtaining the items sought could be substantial because of the amount of research and labor required to retrieve this information, if it is in fact available. Accordingly, the scope of the Subpoena Duces Tecum should be reduced in scope to only cover the relevant materials and time period.

Florida Statute § 92.153(2)(a) provides that Bank of America's Records Custodian shall be reimbursed for the cost of producing, searching for, reproducing or transporting the documents in response to the Subpoena Duces Tecum served upon it. Pursuant to Fla. Stat. § 92.153(2)(b), this Court must fix the amount of the fee and enforce the payment thereof to Bank of America pursuant to this Motion.

It has been held that a party should not be forced to expend a substantial sum of money in complying with a discovery request and thereby undertake the financial burden of preparing the other party's case. *Schering Corp v. Thornton*, 280 So. 2d 493 (Fla. 4th DCA 1973).

Thus, in this matter, where Bank of America is a neutral third party, the Court has an even more compelling reason to not require Bank of America to prepare the Plaintiffs' case.

It has been held that a party should not be forced to expend a substantial sum of money in complying with a discovery request and thereby undertake the financial burden of preparing the other party's case. *Schering Corp v. Thornton*, 280 So. 2d 493 (Fla. 4th DCA 1973).

Furthermore, Florida Rule of Civil Procedure 1.351(c) allows the person upon whom the Subpoena Duces Tecum is served to "condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies." *See* Fla. R. Civ. P. 1.351(c).

Federal Rule of Civil Procedure 26(c) allows the trial court broad discretion in fashioning orders to protect a party, or the person from whom the discovery is sought from "annoyance, embarrassment, oppression, or <u>undue burden or expense</u>." *See* also Fla. R. Civ. P. 1.280(c) (emphasis added).

In order to protect a party or person from whom discovery is sought from an unreasonable discovery request, the protective order may provide: "(1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of a time and place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters...." Fla. R. Civ. P. 1.280(c).

It is without question that the items sought under the Subpoena Duces Tecum will be expensive and unduly burdensome to Bank of America's financial and administrative resources. Moreover, requiring Bank of America to provide a privilege log specifically identifying every single protected document would place a significant economic burden on Bank of America, which should

not be required absent first a showing that the requests are not overly broad and unduly burdensome and seek relevant documentation and then payment of a cost bond.

## III.   SPECIFIC OBJECTIONS TO REQUESTS

Request No. 1 requests "all documents and communications concerning the Account, including the amount, contents and funds or assets of the Account, and including but not limited to the origins of the funds or assets in the Account and the purpose of the Account, and all documents and communications concerning property of the Republic of Argentina, ANSES Property, and/or FJP Property." Bank of America objects to Request No. 1 as it infringes upon privileged Bank of America trade secret information, and Bank of America should not be required to produce this information. In addition, this request is overly broad and unduly burdensome.  As described above, this request would most definitely call upon Bank of America to produce sensitive reports and other proprietary data used as part of Bank of America's business operations.   The interest in the confidentiality of Bank of America's proprietary trade secrets outweighs the Plaintiffs' request, which was not narrowly tailored. Furthermore, the Attorney-Client and Work Product privileges can be specifically invoked as there would be several "documents and communications concerning the Account" that would clearly fall under Attorney-Client and Work Product privileges.  Finally, Request No. 1 also seeks confidential information as defined by Florida law.  Accordingly, Bank of America must object to its production pursuant to FLA. STAT. § 655.059.

Request No. 2 seeks "all documents and communications, whenever created, concerning the formation and establishment of the Account." Bank of America objects to Request No. 2 as it seeks confidential financial information as defined under Florida law and Bank of America should not be required to produce this information.  FLA. STAT. § 655.059.  Furthermore,

this Request is overly broad and would most certainly include proprietary information belonging to Bank of America that should be treated as privileged under the Florida law governing trade secrets.

Request No. 3 seeks "all documents and communications concerning any past, current, future or intended use of the funds or assets in the Account to pay, settle, or secure any debt or obligation owed to or by the Republic of Argentina." Bank of America objects to Request No. 3 as it seeks confidential financial information as defined under Florida law and Bank of America should not be required to produce this information. FLA. STAT. § 655.059.

Request No. 4 seeks "all documents and communications concerning the control or direction of the investment, management, use, or disposition of funds or assets contained in the Account, including all documents concerning authorized signatories with respect to the Account and all documents concerning any persons with any authority concerning the Account." Bank of America objects to Request No. 4 as it seeks confidential financial information as defined under Florida law and Bank of America should not be required to produce this information. FLA. STAT. § 655.059.

Request No. 5 seeks "all documents and communications concerning any transfer, deposit, or withdrawal of funds or assets into or out of the Account." Bank of America objects to Request No. 5 as it seeks confidential financial information as defined in Florida law and Bank of America should not be required to produce this information. FLA. STAT. § 655.059. Furthermore, this Request is overly broad and would most certainly include proprietary information belonging to Bank of America that should be treated as privileged under the Florida law governing trade secrets.

Request No. 6 seeks "documents and communications concerning any transfer, deposit, or withdrawal of funds or assets in the Account." Bank of America objects to Request No. 6 as it seeks confidential financial information as defined in Florida law and Bank of America should not be required to produce this information. FLA. STAT. § 655.059. Furthermore, this Request is

overly broad and would most certainly include proprietary information belonging to Bank of America that should be treated as privileged under the Florida law governing trade secrets.

Request No. 7 seeks "all documents and communications concerning any Person(s) possessing a direct or beneficial interest in the funds or assets in the Account. "Bank of America objects to Request No. 7 as it seeks confidential financial information as defined in Florida law and Bank of America should not be required to produce this information. FLA. STAT. § 655.059. Furthermore, this Request is overly broad and would most certainly include proprietary information belonging to Bank of America that should be treated as privileged under the Florida law governing trade secrets.

Request No. 8 requests "all custodial agreements, client agreements, or any other form of agreement between Bank of America and BNA concerning the account." Bank of America also objects to request No. 8 as it infringes upon privileged Bank of America trade secret information, which Bank of America should not be required to produce. In addition, this request is overly broad. As described above, this request would call upon the Bank of America to produce proprietary data used as part of Bank of America's business operations. The interest in the confidentiality of Bank of America's proprietary trade secrets outweighs the Plaintiffs' request, which was not narrowly tailored. Finally, Request No. 8 also seeks confidential financial information as defined under Florida law and Bank of America should not be required to produce this information. FLA. STAT. § 655.059.

Request No. 9 seeks "all documents and communications between and among Person(s) working for or on behalf of Bank of America and/or Person(s) working on behalf of BNA and/or Person(s) working for or on behalf of the Republic of Argentina and/or Person(s) working for or on behalf of any AFJPs, concerning the Account." Bank of America objects to Request No. 9 as

CASE NO. 09-21223 CIV MORENO

it seeks confidential information as defined under Florida law and Bank of America should not be required to produce this information.  FLA. STAT. § 655.059.

Request No. 10 asks for the production of "all documents and communications relied upon by Bank of America in making the determination that the funds or assets in the Account may be subject to restraint pursuant to the writ of garnishment served upon Bank of America in the Actions and all documents and communications concerning such determination."  Bank of America objects to Request No. 10 as it calls upon materials that would be protected under the attorney client privilege and the work product privilege and Bank of America should not be required to produce this information.

The attorney-client privilege (or lawyer-client privilege in Florida) protects communications between an attorney and client.  This protection also extends to closely related staff and employees.  Bank of America employs in house and outside counsel who on a day to day basis author numerous privileged documents regarding legal matters of a sensitive nature to Bank of America's business.  Any determination of whether the BNA Account may indeed be subject to the writ of garnishment would most certainly be defined as legally privileged in nature;  in which Bank of America attorneys would have sent communications regarding any possible litigation or general legal advice on the issue.  The Plaintiffs' overly broad request would most certainly encompass these attorney-client privileged documents and communications.  Furthermore, this overly broad request would also encompass materials which are clearly covered under the work product doctrine recognized under federal and state law as any data Bank of America may have relied on would have been in anticipation of this garnishment litigation.  Finally, Request No. 10 also seeks confidential financial information as defined under Florida law.  FLA. STAT. § 655.059.  Notwithstanding and subject to the previously asserted objections, Bank of America stated in its Answer(s) to the Writ of

CASE NO. 09-21223 CIV MORENO

Garnishment that Bank of America relied on, in part, representations from Plaintiff's counsel that the BNA Account was believed to be owned and controlled by the Republic of Argentina.

WHEREFORE, BANK OF AMERICA, N.A., having shown good cause, respectfully requests that this Honorable Court: (1)  enter a protective order protecting it from complying with the Subpoena Duces Tecum; or (2) require Plaintiffs' to limit the scope of their requests to reasonably available, relevant, non-privileged and non-confidential materials; (3) enter a protective order requiring that Plaintiffs make payment in advance of the production of non-privileged documents to cover the reasonable costs incurred in producing, searching for, reproducing and transporting the documents in response to the Subpoena Duces Tecum, including attorneys' fees;(4) grant Bank of America additional time to comply with this extensive document request; (5) conduct an in camera inspection of Bank of America's highly confidential proprietary documents (including KYC documents); (6) enter a protective order limiting areas of inquiry during the deposition to non-privileged, non-confidential issues that are relevant to the pending matters in this action, and (7) grant such other relief as this Court deems just and proper.

   s/ FRANK P. CUNEO
JUAN A. GONZALEZ
Florida Bar No. 375500
Email: jag@lgplaw.com
FRANK P. CUNEO
Florida Bar No. 123188
Email: fpc@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
Attorneys for Bank of America, N.A.

CASE NO. 09-21223 CIV MORENO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23 day of November, 2009, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail to: WILLIAM K. HILL, ESQ., Bilzin, Sumberg, Baena, Price & Axelrod LLP, *Attorneys for Plaintiffs,* 2500 Wachovia Financial Center, 200 S. Biscayne Boulevard, Miami, FL 33131-5340; and CLINTON R. LOSEGO, ESQ., *Attorney for Banco de la Nacion Argentina,* Gunster, Yoakley & Stewart P.A., 2 South Biscayne Boulevard, Suite #3400, Miami, FL 33131-1897.

/s/ FRANK P. CUNEO
FRANK P. CUNEO

## RULE 26(C) and LOCAL RULE 7.1 CERTIFICATION

Counsel for Bank of America has conferred with counsel for Plaintiffs in a good faith attempt to resolve the issues raised in the instant motion without court action,  but was unable to do so.

Z:\649-9931\MPO.P02.wpd